IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CARMELITA WILEY-EARLS, | ) |
| Plaintiff, | ) ) ) |
| | ) No. |
| vs. | ) ) |
| CITY OF CHICAGO and CHICAGO FIRE DEPARTMENT, an agency of the City of Chicago, | ) ) ) ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, CARMELITA WILEY-EARLS ("Carmelita"), by and through her attorneys, MICHAEL LEE TINAGLIA, and THE LAW OFFICES OF MICHAEL LEE TINAGLIA LTD., alleges for her complaint against Defendant, CITY OF CHICAGO ("Chicago"), a municipal corporation and CHICAGO FIRE DEPARTMENT ("CFD"), an agency of the City of Chicago, as follows:

**PARTIES**

1. Plaintiff, Carmelita Wiley-Earls ("Carmelita") is a black female citizen, aged 46, residing at 37 North Long, Chicago, IL 60644, who is employed by the City of Chicago, Chicago Fire Department and who currently holds the career service rank of Lieutenant and is assigned to First District Relief.

2. Defendant, City of Chicago, is a municipality organized pursuant to the laws of the State of Illinois and is a public employer. Chicago is an "employer" as defined in 42 U.S.C. § 2000e(b) in that it at all relevant times had 15 or more employees for each working day in twenty or more calendar weeks in the preceding year.

1

3. Defendant, CFD, is a City of Chicago municipal agency with its main headquarters at 3500 South State Street, Chicago, Illinois.

4. The Chicago Fire Department is led by the Fire Commissioner, who at times relevant to the acts described herein was John W. Brooks (ret. 2010) and Robert Hoff (appointed June 23, 2010). The Fire Commissioner is assisted by the First Deputy Commissioner, who at all times relevant to the actions described herein and up until June 23, 2010 was Robert Hoff. As First Deputy Commissioner, Hoff oversaw the department's bureaus. When Hoff was appointed as Fire Commissioner, Charles Stewart III was named First Deputy Commissioner. There are five bureaus under the First Deputy Commissioner: to wit, Administrative Services, Fire Prevention, Operations, Support Services, and Employee Relations.

5. CFD is an "employer" with more than fifteen employees within the meaning of the EPA and Title VII.

## NATURE OF THE CLAIMS; JURISDICTION; VENUE

6. This arises under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e) ("Title VII") and the Equal Pay Act of 1963, 29 U.S.C. §206(d), as amended ("EPA").

7. Jurisdiction over Carmelita's claims is predicated on Title VII, the EPA and 28 U.S.C. § 1331.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

## FACTS COMMON TO ALL COUNTS

9. Carmelita filed her charge of discrimination against Defendants on September 7, 2011, EEOC No. 440-2011-05719 and she received her Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division on November 3, 2011. A copy of the charge and notice are attached to the complaint as Exhibits A and B.

10. Carmelita has served with Chicago and CFD since about December 3, 1990.

11. On about January 16, 2006 Carmelita was appointed to act as Commander, Chief of Academy Operations within the Chicago Fire Department, Bureau of Administrative Services. On or about July 14, 2006, a Personnel Order was issued to the department confirming her appointment and removing the "acting" status.

12. Carmelita's current career service rank within the CFD is Lieutenant. Carmelita career service rank is Lieutenant and she is paid bi-monthly at the pay rate F4B, with an "acting out of rank" incentive.

13. When Carmelita was named Commander, she was entitled to an increase in pay. As a Commander, and per the applicable Labor Contract between the Chicago Fire Fighters Union Local No. 2 and the City of Chicago ("Contract"), Carmelita should have been paid two higher ranks above and at the rate of F6B, along with an "acting out of rank" incentive.

14. Carmelita did not receive an increase in pay per the Contract, when she was appointed to Commander while other non-female and non-black CFD Lieutenants appointed to the rank of Commander did receive the pay rate increase automatically and without having to request such an increase.

3

15. On several occasions after the date that she was appointed acting Commander and even after she was appointed Commander outright, Carmelita requested to be paid at the rate of F6B along with the "acting out of rank" incentive.

16. Most recently on several occasions in the second half of 2010 and in 2011, Carmelita requested to be paid in accordance with the provisions of the Contract and specifically to be paid at the rate of F6B with the "acting out of rank" incentive.

17. Rather than increase her pay rate CFD continued to pay Carmelita at the lower pay rate of F4B with that lower rate "acting out of rank" incentive pay.

18. Carmelita's rate of pay at F4B combined with the "acting out of rank" incentive of that pay rate is less than the pay currently being paid to non-black and/or male Commanders within the CFD.

19. In addition to being paid less than similarly situated non-black and/or male employees, Carmelita is subjected to disparate terms and conditions of employment.

20. Although Carmelita continued to challenge the disparity in pay and the disparity in other terms and conditions of employment but the disparities continued and were not corrected or addressed.

21. The discrimination against Carmelita is on going, a continuing violation of applicable federal and state law, and Carmelita continues to be injured, harmed and suffer damage.

## COUNT I
## UNLAWFUL DISCRIMINATION BASED ON GENDER (FEMALE)

22. Carmelita repeats and realleges Paragraphs 1 through 21 as Paragraphs 1 through 21 of this Count I, as though they are fully stated herein.

4

23. Chicago and CFD discriminated against Carmelita and treated her differently because of her gender, female by: (a) failing to increase her rate of pay by one pay grade upon her appointment to Commander; and (b) compensating her less than similarly situated male Commanders; and (c) otherwise treating her differently and adversely with respect to other terms and conditions of employment as described herein because of her gender (female).

24. Male Lieutenants who were promoted to the rank above lieutenant were automatically paid at a pay rate one or more grades higher than their prior pay rate, where Carmelita, a female was not.

25. Male Lieutenants who were promoted to the rank above lieutenant did not have to ask for such an increase, or submit additional documentation to payroll in order to receive the contractual increased rate of pay, where Carmelita, a female has been forced to do so, without relief.

26. But for her gender, female, Carmelita would have been automatically granted an increase in her rate of pay to one grade higher upon her appointment to Commander.

27. But for her gender, female, Chicago and CFD would have automatically increased Carmelita's pay rate to two grades higher upon her appointment to Commander.

28. But for her gender, female, Carmelita would not have been forced to repeatedly request to be paid at two pay grades higher as contractually due to her.

29. But for her gender, female, Carmelita would not be treated differently than male Commanders with respect to other terms and conditions of employment.

30. The harassing and discriminatory treatment of Carmelita on the basis of gender, female is in violation of Title VII.

31. As a direct result of Chicago and CFD's unlawful and discriminatory conduct, Carmelita suffered actual damages including but not limited to, lost wages and lost benefits.

32. As a direct result of the discrimination of Chicago and CFD, Carmelita has suffered severe emotional distress, pain and suffering, humiliation and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, Carmelita Wiley-Earls, prays for the entry of judgment in her favor and against Defendants, Chicago and CFD which includes the following relief:

A. Entry of an injunction, enjoining Defendant from continuing to discrimination with respect to employment and terms and conditions of employment on the basis of gender [female];

B. Entry of a mandatory injunction requiring the Defendant to increase Plaintiff's current pay rate from F4B to F6B;

C. Entry of a mandatory injunction requiring the Defendant to increase Plaintiff's in the "acting out of rank" incentive pay consistent with the F6B rate;

D. Awarding Plaintiff actual damages for all lost monies and benefits;

E. Awarding Plaintiff compensatory damages for humiliation, emotional distress, pain and suffering, and physical distress caused by the discriminatory treatment;

F. Awarding Plaintiff reasonable attorneys' fees and costs; and

G. All other equitable and legal remedies and relief for which Carmelita is entitled to under Title VII as is appropriate.

## COUNT II
## UNLAWFUL DISCRIMINATION BASED ON RACE

22. Carmelita repeats and realleges Paragraphs 1 through 21 as Paragraphs 1 through 21 of this Count II, as though they are fully stated herein.

23. Chicago and CFD discriminated against Carmelita and treated her differently because of her race (black) by: (a) failing to increase her rate of pay by two pay grades upon her appointment to Commander; and (b) compensating her less than similarly situated non-black Commanders; and (c) otherwise treating her differently and adversely with respect to other terms and conditions of employment as described herein because of her race (black).

24. Non-Black Lieutenants who were promoted to the rank above lieutenant were automatically paid at a pay rate two grades higher than their prior pay rate, where Carmelita, a black Lieutenant was not.

25. Non-Black Lieutenants who were promoted to the rank above lieutenant did not have to ask for such an increase, or submit additional documentation to payroll in order to receive the contractual increased rate of pay, where Carmelita, a black lieutenant has been forced to do so, without relief.

26. But for her race (black), Carmelita would have been automatically granted an increase in her rate of pay to two grades higher upon her appointment to Commander.

27. But for her race (black), Chicago and CFD would have automatically increased Carmelita's pay rate to two grades higher upon her appointment to Commander.

28. But for her race (black), Carmelita would not have been forced to repeatedly request to be paid at two pay grades higher as contractually due to her.

29. But for her race (black) Carmelita would not be treated differently than non-black Commanders with respect to other terms and conditions of employment.

30. The harassing and discriminatory treatment of Carmelita on the basis of race (black) is in violation of the Illinois Human Rights Act ("IHRA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

31. As a direct result of Chicago and CFD's unlawful and discriminatory conduct, Carmelita suffered actual damages including but not limited to, lost wages and lost benefits.

32. As a direct result of the discrimination of Chicago and CFD, Carmelita has suffered severe emotional distress, pain and suffering, humiliation and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, Carmelita Wiley-Earls, prays for the entry of judgment in her favor and against Defendants, Chicago and CFD which includes the following relief:

A. Entry of an injunction, enjoining Defendant from continuing to discrimination with respect to employment and terms and conditions of employment on the basis of gender [female];

B. Entry of a mandatory injunction requiring the Defendant to increase Plaintiff's current pay rate from F4B to F6B;

C. Entry of a mandatory injunction requiring the Defendant to increase Plaintiff's in the "acting out of rank" incentive pay consistent with the F6B rate;

8

  D. Awarding Plaintiff actual damages for all lost monies and benefits;

  E. Awarding Plaintiff compensatory damages for humiliation, emotional distress, pain and suffering, and physical distress caused by the discriminatory treatment;

  F. Awarding Plaintiff reasonable attorneys' fees and costs; and

  G. All other equitable and legal remedies and relief for which Carmelita is entitled to under Title VII as is appropriate.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

22. Carmelita repeats and realleges Paragraphs 1 through 21 as Paragraphs 1 through 21 of this Count II, as though they are fully stated herein.

23. Male employees of Defendants are paid higher wages than Carmelita.

24. Male employees of Defendants doing equal work that requires equal skill, effort and responsibility are paid higher wages than Carmelita.

25. Male employees of Defendants are paid higher wages than Carmelita while working in similar working conditions.

26. Male employees of Defendants doing equal work that requires equal skill, effort and responsibility while working in similar working conditions are paid higher wages than their female counterparts.

27. Defendants' violation of the Equal Pay Act is willful for the reason that Defendant knew its actions were illegal or showed reckless disregard for whether its conduct was prohibited.

WHEREFORE, Plaintiff, Carmelita Wiley-Earls, prays for the entry of judgment in her favor and against Defendants, Chicago and CFD for its violation of the Equal Pay Act, which includes the following relief:

9

    A.    Awarding Plaintiff back pay for all lost monies and benefits;

    E.    Awarding Plaintiff liquidated damages;

    F.    Awarding Plaintiff reasonable attorneys' fees and costs; and

    G.    All other equitable and legal remedies and relief for which Carmelita is entitled to under the Equal Pay Act as is appropriate.

Dated: January 6, 2012

                          Respectfully submitted,
                          CARMELITA WILEY-EARLS, Plaintiff

                          By: s/Michael Lee Tinaglia

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia, Ltd.
9700 West Higgins Road - Suite 1015
Rosemont, Illinois 60018
Phone: (847) 692-0421; Fax: (847) 685-8440
Cook Attorney #22869; ARDC #2835886
mltinaglia@tinaglialaw.com