Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 113 | **DATE** | 4/20/2012 |
| **CASE TITLE** | Carmelita Wiley-Earls vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Status hearing set for 5/23/2012 at 9:00 a.m.

■[ For further details see text below.]                              Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Partial Motion to Dismiss. For the following reasons, the motion is **DENIED** in part and **GRANTED** in part.

This case represents the rare phenomenon of two opponents, through legal briefing, coming to a consensus between them as to the scope of their argument. The consensus is so extensive that this Court's ruling is largely superfluous. The Court commends the parties on their willingness to concede well-made points rather than prolonging briefing and litigation. May the trend continue.

### BACKGROUND

Plaintiff Carmelita Wiley-Earls is an African-American, female employee of the Chicago Fire Department with a "career service rank" of Lieutenant and a pay rate of "F4B", but was appointed on January 16, 2006 to act as Commander, Chief of Academy Operations within the Chicago Fire Department, Bureau of Administrative Services. The "acting" status was removed on July 14, 2006 when the promotion was made permanent. Plaintiff contends this confirmation should have resulted, by contract, in a pay rank bump of two levels to "F6B." She claims similarly situated male and white employees were given the pay bump without having to request it, and further pleads that her requests for pay increases were denied. She pleads that she made such requests when she was confirmed as commander and as recently as the second half of 2010 and in 2011 and that the discrimination is continuing. She claims against the City of Chicago:

- · Gender-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII")
- · Race-based discrimination under Title VII
- · Race-based discrimination under the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1 *et seq.* ("IHRA")
- · Willful discrimination in violation of the Equal Pay Act 29 U.S.C. § 206(d) ("EPA")

## STATEMENT

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2011 and received her right-to-sue letter October 31, 2011. She filed suit January 7, 2012.

## ANALYSIS

Plaintiff initially named the Chicago Fire Department as a Defendant in this suit. Defendants noted this is an improper entity with no separate legal existence apart from the city, and Plaintiff conceded this point in her response. Accordingly, the motion to dismiss the Chicago Fired Department from the lawsuit is **granted**.

Defendants objected that Title VII requires filing a charge with the Equal Employment Opportunity Commission within 300 days of the alleged violation, and that, because the discrimination was apparent in 2006, no alleged discrimination under Title VII prior to 300 days before the EEOC complaint was filed should be actionable. Defendant also moved to dismiss the Title VII counts entirely on this ground. Plaintiff responded by agreeing that no discrimination prior to November 11, 2010 (300 days before the filing of the EEOC complaint) was actionable, but arguing the time period after that date was still actionable because she had claimed continuing discrimination. Defendant in its reply seemed to drop the request for entire dismissal of the Title VII counts, but asked for an order clarifying the relevant time frame for which Plaintiff has a viable Title VII claim. Far be it from the Court to disturb this harmony. The Court rules that the motion to dismiss the Title VII claims are **denied**, but clarifies that the relevant actionable timeframe is limited to the period including and subsequent to November 11, 2010. Plaintiff notes that she reserves her right to seek to introduce evidence from before this date as indicative of intent and motive.

The parties reached a similar agreement through briefing that Plaintiff only has a cause of action under the EPA for two years prior to the lawsuit filing date, or three years prior if willfulness is proved. In light of the agreement, the Court **denies** the motion to dismiss this count, but notes the parties have agreed to so limit the scope of the litigation.

Finally, Defendant did not seek dismissal of the IHRA claim, which remains.

## CONCLUSION

By agreement of the parties, the motion to dismiss the Chicago Fire Department from this lawsuit is **granted**. The motion to dismiss the Title VII and EPA claims are **denied** but limited in scope as reflected above by agreement of the parties.