IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CARMELITA WILEY-EARLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12cv00113 |
| vs. ) | |
| ) | Judge Harry D. Leinenweber |
| CITY OF CHICAGO and CHICAGO ) | |
| FIRE DEPARTMENT, an agency of the ) | Magistrate Judge Maria Valdez |
| City of Chicago, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

NOW COMES the Plaintiff, CARMELITA WILEY-EARLS ("Plaintiff" or "Wiley-Earls") and for her Motion to Compel Discovery Responses states as follows:

1. Plaintiff Carmelita Wiley-Earls filed her five-count Amended Complaint against the City of Chicago alleging 1) unlawful discrimination based on gender in violation of Title VII; 2) Unlawful discrimination based on race violation of Title VII; 3) violations of the Equal Pay Act; 4) retaliation in violation of Title VII, and 5) retaliation in violation of the Equal Pay Act. A copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit A.**

2. On August 29, 2012, Plaintiff issued her First Set of Requests for the Production of Documents and First Set of Interrogatory Requests upon Defendant. A copy of Plaintiff's First Set of Interrogatory Requests to Defendant is attached hereto as **Exhibit B**. A copy of Plaintiff's First Set of Requests for the Production of Documents is attached hereto as **Exhibit C**.

1

3. The fact discovery cut off is currently set for April 15, 2013.

4. When Plaintiff received Defendant's Answers and Objections to Plaintiff's written discovery requests, Plaintiff noted that Defendant objected to some of the most basic requests as premature (such as a request to identify individuals with knowledge relevant to the Plaintiff's claims or any defenses thereto), and stated it would not produce other documents until such time as a protective order was entered. A copy of Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories is attached hereto as **Exhibit D**. A copy of Defendant's Answers and Objections to Plaintiff's First Set of Requests for the Production of Documents is attached hereto as **Exhibit E.**

5. A protective order was entered by the Court on December 13, 2012.

6. Despite the efforts at resolution specifically set forth below, the parties have yet to resolve the outstanding discovery dispute. Plaintiff now seeks the assistance of the Court in resolving this matter, as Defendant has failed to answer certain interrogatory requests and has failed to respond to certain requests to produce as further detailed herein.

I. **EFFORTS AT RESOLUTION WITHOUT COURT ASSISTANCE**

7. On January 4, 2013 Plaintiff sent a written correspondence to Defendant discussing in detail what Plaintiff perceived to be deficiencies in Defendant's response to Plaintiff's written discovery. A copy of Plaintiff's January 4, 2013 correspondence is attached hereto as **Exhibit F**.

8. The parties conducted a discovery conference in an effort to resolve the dispute in accordance with FRCP Rule 37, and Local Rule 12(k).

9. Specifically, on January 18, 2013, Plaintiff's counsel, Michael Tinaglia

and J. Molly Wretzky consulted with counsel for Defendant, Melanie Patrick Neely and Annemarie Poelstra via telephone on the subjects raised in Plaintiff's January 4, 2013 correspondence.

10. Despite the parties' good faith attempts, they were unable to reach an accord on the majority of the discovery matters raised by Plaintiff in her January 4, 2013 correspondence. Plaintiff thereafter memorialized this conference in a correspondence dated January 24, 2013, delineating requests to which Defendant represented it would provide supplemental information, and requests to which Defendant stood upon its objections . A copy of the January 24, 2013 correspondence is attached hereto as **Exhibit G.**

11. Despite the foregoing, Defendant failed to provide to Plaintiff the majority of the supplemental information promised. On March 13, 2013, Plaintiff sent one further correspondence to Defendant specifically delineating the issues in dispute pertaining to Defendant's Answers and Objections to Plaintiff's written discovery requests, and asking whether or not Defendant had changed its position with regard to the same. A copy of the March 13, 2013 correspondence is attached hereto as **Exhibit H.**

12. On March 15, 2013, the parties again consulted. Counsel for Plaintiff, Michael Tinaglia and J. Molly Wretzky and counsel for Defendant, Melanie Patrick Neely, Ann Preston and Annmarie Poelstra met in person and discussed the matters raised by Plaintiff in Plaintiff's March 13, 2013 correspondence. Despite these good faith attempts to resolve the dispute, the parties were unsuccessful, and Plaintiff informed Defendant that it would be filing the instant motion, seeking assistance from the Court to resolve the dispute.

## II.	GENERAL DISPUTED ISSUES—SCOPE OF REQUESTS

13.	As set forth in the January 4, January 24 and March 13, 2013 correspondences, there is a dispute between the parties as to the scope of discovery as regards similarly situated individuals for the purposes of Plaintiff's Title VII and Equal Pay Act claims.

14.	Defendant objects to and will not provide information responsive to Plaintiff's <u>Interrogatory Nos. 5 and 11</u>, nor will it produce information responsive to document <u>request nos. 7, 14, 15, 16, 17, 18, 19, 26 and 27</u>. The foregoing written discovery requests seek information pertaining to the identity, employment history, pay and disciplinary history of individuals within the Chicago Fire Department who are similarly situated to her in that they were appointed as "acting Commander" or "Commander" during the relevant time period.

15.	Under the FRCP Rule 26(b)(1), the scope of discovery is quite broad. To be clear, parties may obtain discovery regarding <u>any non-privileged matter that is relevant to any party's claim or defense</u>—relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

16.	Because Plaintiff was appointed as Commander but was not paid at the same rate as others appointed as Commander, or given the same benefit package as other Gold Eagle Commanders and was subsequently "reassigned" (constituting a demotion), the scope of discovery should include the employment history, personnel records and pay history of <u>all</u> individuals who held the positions of Gold Eagle Commander as an out of rank appointment at any time during the Relevant Time Period, regardless of their career

service rank.

17. For the purposes of Plaintiff's Equal Pay Act claim, Plaintiff is additionally entitled to seek discovery on the rates of pay, benefits received and other relevant information related to her predecessors in the position of Commander, Academy Operations.

18. Additionally, Defendant opened the door with regard to the need for discovery on the entire employment history of others appointed as Gold Eagle Commanders when it admitted that "<u>employees with the title of Commander in the Chicago Fire Department are generally paid at the F6 rate, but this varies depending on tenure, specialty, and other qualities</u>." See Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories, Answer to Interrogatory No. 9, Exhibit D, p. 6.

19. The issue of the scope of discovery on what constitutes "similarly situated" individuals for the purposes of Plaintiff's Title VII and Equal Pay Act claims pertains to Plaintiff's Interrogatories 5 and 11, and Plaintiff's Requests for the production of documents Request Nos. 7, 14, 15, 16, 17, 18, 19, 26 and 27.

20. Defendant refuses to provide information responsive to these requests on the basis that the requests are among other objections, "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."

21. As stated above, the parties are in dispute as to the general scope of what is discoverable under the rules pertaining to similarly situated individuals. This position is incorrect however, as it is clear that the rules are quite broad in what is discoverable, and Plaintiff is entitled to discovery on a broad class of matters so long as those matters are likely to lead to the discovery of admissible evidence.

### III. SPECIFIC REQUESTS WHICH REMAIN UNANSWERED

22. Although it represented to Plaintiff during the parties' Rule 37 conference, Defendant has yet to supplement its answers to **Interrogatory No. 2**, which asks Defendant to "identify individuals with knowledge or information relating to the factual allegations in Plaintiff's Complaint or any of Defendant's defenses thereto." See Exhibit B, p. 5. In its Answer to this Interrogatory, Defendant objected on the basis that the request was premature, but directed Plaintiff to its Rule 26(a) disclosures. See Exhibit D. p. 2.

23. To date, Defendant has not supplemented its answer to this Interrogatory, despite the fact that it is clear that there are more individuals with information relevant to Plaintiff's claim, whose identity has been revealed by the production of documents produced by Defendant such as Jean Roberts, Derrick Jackson, Leslie Noy, to name but a few.

24. Defendant has failed to fully answer **Interrogatory No. 3**, and has only produced documents related to this interrogatory. Defendant has yet to answer subpart e of Interrogatory No. 3, which asks Defendant to "identify by name, department and position the final decision maker with regard to the final determination pertaining to Plaintiff's request; (to be paid at the Gold Eagle Commander rate)."

25. Although Defendant has produced some documents responsive to this Interrogatory and Responsive to **Request to Produce Nos. 9 and 10**, the documents produced to date indicate that there exist other documents which Defendant has yet to produce. Plaintiff has repeatedly asked that this information be provided to Plaintiff, but has not yet received a full response to date or explanation of what happened to the

6

requested documents if they are no longer in Defendant's possession and control as requested in its correspondences of January 4, January 24, and March 13, 2013. See Exhibits F, G and H.

26. **<u>Interrogatory No 4</u>**: With regard to this Interrogatory, Plaintiff notes that Defendant has produced documents which are partially responsive to this request, documents Bates numbered D001028 through D001036, however, Interrogatory No. 4 seeks a broader class of information than that which was produced by Defendant. Specifically, Interrogatory No. 4 seeks information regarding Lieutenants appointed as Acting Commander or appointed as Commander from January 1, 2006 to present. The documents recently provided to Plaintiff represent a narrower class of individuals, specifically, Lieutenant/EMTs appointed as Commander during the year 2012 only.

27. The information sought with respect to Interrogatory No. 4 corresponds to the information sought with respect to **<u>Request for Production 8 and 20</u>**, which Defendant should also produce. Defendant objects to the request; specifically to the use of "refer to or relate to" as vague and ambiguous. See Exhibit E, pp. 4, 9. To be clear, Plaintiff seeks documents which set forth and/or show (as those terms are understood in their plain meaning) the wages or rates of pay of the individuals requested. Defendant additionally objects to the use of "acting as or appointed as Commanders" as vague and ambiguous. At this point in the litigation, those terms as they are used should be clear to Defendant, and Defendant should produce the documents requested without further delay, and as requested--- for the entire Relevant Time Period.

28. **<u>Interrogatory Nos. 5 and 11</u>** remain unanswered by Defendant. These interrogatories seek information pertaining to similarly situated individuals within the

Chicago Fire Department during the time period January 1, 2006 to present, who held the position of Acting Commander or were appointed as Commander in any one of the five bureaus of the Chicago Fire Department, (Interrogatory No. 5) and to state: the name of said individual; the specific bureau within which the individual was posted; the race of said individual; the gender of said individual; the pay rate of said individual to present; all discipline [as the term "discipline" is defined herein] received by said individual; all performance reviews and evaluations whether formal or informal; if individual was removed from assignment or appointment; and identify and produce all documents relating to your answer hereto. (Interrogatory No. 11). See Exhibit B. pp. 6-7, and 9-10.

29. Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, the terms "individual was posted," "appointed" and "Acting Commander" are vague and ambiguous. The City also objects to the interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See Exhibit D. pp. 4, 7-8.

30. Defendant's arguments and objections in this regard have no merit given Defendant's answers to Interrogatory No. 4 in which Defendant asserts a willingness to produce similarly requested information pertaining to all current or former members of the Chicago Fire Department who during the time period January 1, 2006 to present, were ranked as Lieutenant and were appointed as Acting Commander or appointed as Commander in any one of the five bureaus of the Chicago Fire Department.  See Exhibit D, p. 3-4.

31. Further, as set forth above, the requested information is relevant in that it pertains to a class of employees who held a similar rank as Plaintiff, certainly rendering

8

them "comparables" for the purpose of this litigation, which is reasonable under the scope of FRCP Rule 26(b)(1).

32. Finally, there can be no serious objection that the foregoing requests are unduly burdensome where modern organizations such as the Chicago Fire Department have data bases containing the requested information, which is easily accessed.

33. **Requests to Produce Nos. 7, 14, 15, 16, 17, 18, 19, 26 and 27**:

34. As discussed above, the foregoing are a group of Requests to Produce promulgated by Plaintiff which seek information related to the identity, employment history, pay and disciplinary history of individuals within the Chicago Fire Department who are similarly situated to her in that they were appointed as "acting Commander" or "Commander" during the relevant time period.

35. As explained above, Defendant should be directed to produce documents responsive to the foregoing requests, especially in light of the fact that a protective order is in place in the instant litigation, and in light of the broad nature of discovery under the federal rules.

36. **Request No 7**: Request No. 7 seeks all documents which refer to or relate to the wages and or rates of pay of Commanders within the Chicago Fire Department or members of the Chicago Fire Department appointed as "Acting Commanders" during the Relevant Time Period.

37. **Request Nos 14-17:** These Requests seek information pertaining to the gender and racial make up of various groups of individuals within the Chicago Fire Department. Plaintiff is willing to withdraw Request No. 13. However, Plaintiff has claims of gender and racial discrimination, and therefore the information sought is

9

relevant, discoverable, and not overly burdensome or vague.

38. **Request Nos. 18 and 19**: These Requests seek documents which identify members of the Chicago Fire Department who held similar ranks or positions as Plaintiff, such as Lieutenant and acting Commander, or Commander. Defendant objects to these requests as burdensome, vague, ambiguous and not relevant in that they are not likely to lead to the discovery of admissible evidence. However, the Requests are relevant and within the scope of discoverable information under FRCP Rule 26(b)(1), as they seek information pertaining to individuals who held the same positions as Plaintiff. Defendant is wrong in asserting the objection that the Requests are overly burdensome, vague and ambiguous is meritless, and Plaintiff is entitled to this information. See Exhibit E, p. 8-9.

39. **Request No. 23:** After the parties Rule 37 conference, it was Plaintiff's understanding that Defendant agreed to supplement its answer to definitively state whether or not it is in possession of documents responsive to Request 23. Request 23 seeks copies of documents constituting, referring to or relating to any performance evaluations of Plaintiff. Plaintiff has yet to receive any supplemental answer from Defendant regarding this Request. Pursuant to the Personnel Rules provided to Plaintiff by Defendant, Rule XIV, (as contained in the 2003, 2007, 2009 and 2010 versions of the Personnel Rules), "the performance of all employees shall be evaluated periodically," (Section 1) and "the evaluation of the performance of individual employees shall be maintained as a part of the employee's personnel record." (Section 3). However, during the recent deposition of Defendant's witness, First Deputy Fire Commissioner Charles Stewart III, Stewart stated that the Chicago Fire Department does not conduct performance evaluation upon its uniformed members. If this is indeed the case,

Defendant should not only supplement its response to this Request to definitively state that Defendant is not in possession of the requested documents, but should also produce documents which it relies upon in support of the assertion that the Chicago Fire Department is not obligated to follow the City of Chicago Personnel Rules in this regard.

40. **Request Nos. 26 and 27:** These Requests seek discoverable information pertaining to discipline including oral warnings, written warnings, suspensions, removal from the assigned position or otherwise for present or former employees of the Chicago Fire Department who held positions that Plaintiff held such as Lieutenant, and "acting Commander" and "Commander." Defendant objects to both of these Requests on the basis that they are overly broad in scope and time, unduly burdensome and vague and ambiguous. Defendant additionally objects to Request No. 27 on the basis that it is not calculated to lead to the discovery of admissible evidence. See Exhibit E. p. 11. The objections are absolutely baseless. The information sought pertains to a class of individuals within the Chicago Fire Department who are considered comparable for the purposes of discovery. They, like Plaintiff, held the position of Lieutenant and were named as Commander or acting Commander, and are therefore relevant. These Requests are proper under the scope of FRCP rule 26(b)(1) and should be answered.

41. **Request No. 35**: Defendant represented to Plaintiff that it would supplement its answer to Request 35 to reflect Defendant's oral representation that it has not withheld any documents on the basis of privilege, and that it would provide a log of any documents withheld on the basis of privilege, as necessary. Defendant's current response to Request No. 35 is an objection that the request is overly broad and unduly burdensome. Defendant should be directed to supplement its response, as it has no valid

11

basis for the objections to this Request.

### IV. <u>CONCLUSION</u>

42. As stated herein, Plaintiff has attempted to resolve the above identified outstanding discovery requests on more than one occasion, but the parties have been unable to resolve the dispute.

WHEREFORE Plaintiff Carmelita Wiley-Earls respectfully requests that this Honorable Court enter an order compelling Defendant to provide the information and documents requested herein, and further that Defendant be assessed the costs of bringing the foregoing motion in accord with FRCP Rule 37.

Date: March 18, 2013.

    Respectfully submitted,

    CARMELITA WILEY-EARLS, Plaintiff

    By: <u>s/Michael Lee Tinaglia</u>
        One of her attorneys

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia, Ltd.
9700 West Higgins Road - Suite 1015
Rosemont, Illinois
60018
Phone: (847) 692-0421; Fax: (847) 685-8440
Cook Attorney #22869; ARDC #2835886
mltinaglia@tinaglialaw.com