

January 4, 2013


Anne K. Preston
Annmarie Dow
Melanie Patrick Neely
Assistants Corporation Counsel
30 N. LaSalle Street Suite 1020
Chicago, Illinois 60602

Via email to:
Annmarie.Dow@cityofchicago.org
Melanie_Patrick.Neely@cityofchicago.org
Anne.Preston@cityofchicago.org


Re:     Wiley Earls v. Chicago Fire Department, Case No. 12cv 00113


Dear Counsel:

Plaintiff has reviewed Defendant's Response to Plaintiff's First Set of Requests for the
Production of Documents ("Defendant's Responses") and Defendant's Answer to
Plaintiff's First Set of Interrogatories ("Defendant's Answers") to Defendant.  We note
that in Defendant's Responses and Defendant's Answers, Defendant asserts several
objections and fails to answer and/or does not produce the requested documents.

Specifically, Defendant objects to and does not provide information and or produce
documents pursuant to Plaintiff's requests for information and documents pertaining to
CFD employees who Plaintiff considers to be comparables to her for the purposes of the
litigation in that they held the position of Lieutenant, acting Commander or were
appointed as Commander within any of the 5 bureaus of the Chicago Fire Department.

The Interrogatories which remain unanswered are Interrogatory Nos. 5 and 11.  The
production requests which remain unanswered are Request Nos. 7, 8, 13 through 19, 24,
26, 27, 31 and 35.



Interrogatories

Interrogatory No 5:

Interrogatory No. 5 asks Defendant to identify all current or former members of the Chicago Fire Department who during the time period January 1, 2006 to present, held the position of Acting Commander or were appointed as Commander in any one of the five bureaus of the Chicago Fire Department.

Defendant objects to this interrogatory claiming it is overly broad in scope, unduly burdensome, and the phrase "individual was posted" and the terms "appointed" and "Acting Commander" are vague and ambiguous. Defendant also objects to the interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully, Defendant's arguments and objections in this regard have no merit. The lack of merit is evidenced by the fact that with respect to Interrogatory No. 4 Defendant has answered it is willing to produce similarly requested information pertaining to all current or former members of the Chicago Fire Department who during the time period January 1, 2006 to present, were ranked as Lieutenant and were appointed as Acting Commander or appointed as Commander in any one of the five bureaus of the Chicago Fire Department. .

Defendant's objection that the requested information is not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit. As you are aware, the scope of the federal discovery rules is very broad. Despite Defendant's statement to the contrary, the requests are relevant and are calculated to lead to the discovery of relevant information. The requests speak directly to a group of employees within Defendant's organization who comprise a "control group" for the purposes of this litigation—individuals who were ranked "Commander" or Acting Commander" within the Chicago Fire Department, as was Plaintiff. Information pertaining to comparable employees is discoverable and Plaintiff has a right to the requested documents and information. Defendant should disclose this information to Plaintiff without further delay, upon the entry of an agreed protective order by the court.

Interrogatory No. 11:

Interrogatory No. 11 asks Defendant to identify all current or former members of the Department who during the time period January 1, 2006 to present, held the position of Acting Commander or were appointed as Commander in any one of the five bureaus of the Chicago Fire Department, and state:

    a. the name of said individual;
    b. the specific bureau within which the individual was posted;
    c. the race of said individual;
    d. the gender of said individual;
    e. the pay rate of said individual to present;
    f. all discipline [as the term "discipline" is defined herein] received by said individual;
    g. all performance reviews and evaluations whether formal or informal;
    h. if individual was removed from assignment or appointment; and

i. identify and produce all documents relating to your answer hereto.

Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, the terms "individual was posted," "appointed" and "Acting Commander" are vague and ambiguous. The City also objects to the interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully, Defendant's arguments and objections in this regard have no merit given Defendant's answers to Interrogatory No. 4 in which Defendant asserts a willingness to produce similarly requested information pertaining to all current or former members of the Chicago Fire Department who during the time period January 1, 2006 to present, were ranked as Lieutenant and were appointed as Acting Commander or appointed as Commander in any one of the five bureaus of the Chicago Fire Department.

There can be no arguable objection that such a request is unduly burdensome. Modern organizations such as the Chicago Fire Department have data bases containing the requested information, which is easily accessed. Further, as set forth above, the requested information is relevant in that it pertains to a class of employees who held a similar rank as Plaintiff, certainly rendering them "comparables" for the purpose of this litigation, which is reasonable under the scope of FRCP Rule 26(b)(1).

Requests to Produce

Request Nos. 7 and 8

Defendant objects and does not produce documents requested by Plaintiff in Request Nos. 7 and 8 on the basis that the requests are overly broad in scope, unduly burdensome, and vague and ambiguous. Defendant additionally objects to Request No. 8 on the basis that it is not likely to lead to the discovery of admissible evidence.

It is clear that the information and documents requested in Request Nos. 7 and 8 is relevant and within the scope of discovery under the federal rules and further is likely to lead to the discovery of admissible evidence. Request No. 7 seeks all documents which refer to or relate to the wages and or rates of pay of Commanders within the Chicago Fire Department or members of the Chicago Fire Department appointed as "Acting Commanders" during the Relevant Time Period. Request No. 8 seeks similar information, but limited to all documents which refer to or relate to the wages and or rates of pay of members of the Chicago Fire Department with the rank of Lieutenant acting as or appointed as Commanders within the Chicago Fire Department during the Relevant Time Period.

Both of the foregoing Requests are well within the scope of discovery under the federal rules. As you know, Plaintiff is claiming among other claims, a violation of the Equal Pay Act. The rates of pay of other Chicago fire department Commanders or acting Commanders within the Chicago Fire Department is relevant.

Requests 13 through 17:

These Requests seek information pertaining to the gender and racial make up of various groups of individuals within the Chicago Fire Department.  Plaintiff is willing to withdraw Request No. 13.  However, Plaintiff has claims of gender and racial discrimination, and therefore the information sought is relevant, discoverable, and not overly burdensome or vague.  Defendant must provide information responsive to Requests 14 through 17 without further delay.

Requests 18 and 19:

These Requests seek documents which identify members of the Chicago Fire Department who held similar ranks or positions as Plaintiff, such as Lieutenant and acting Commander, or Commander.

Defendant objects to these requests as burdensome, vague, ambiguous and not relevant in that they are not likely to lead to the discovery of admissible evidence. However, the Requests are relevant and within the scope of discoverable information under FRCP Rule 26(b)(1), as they seek information pertaining to individuals who held the same positions as Plaintiff.  Defendant is wrong in asserting the objection that the Requests are overly burdensome, vague and ambiguous is meritless, and Plaintiff is entitled to this information.

Request No. 24:

Request No. 24 seeks all documents which refer to or relate to any formal or informal statement(s) regarding any of the facts contained in Plaintiffs Complaint.  If Defendant has in its possession any statements made by any individuals or third parties relating to or pertaining to the complaint or allegations contained therein, Defendant must produce these documents.  If Defendant is not in possession of any such statements at this time, it should state as such.

Request Nos. 26 and 27:

These Requests seek discoverable information pertaining to discipline including oral warnings, written warnings, suspensions, removal from the assigned position or otherwise for present or former employees of the Chicago Fire Department who held positions that Plaintiff held such as Lieutenant, and "acting Commander" and "Commander."

Defendant objects to both of these Requests on the basis that they are overly broad in scope and time, unduly burdensome and vague and ambiguous.  Defendant additionally objects to Request No. 27 on the basis that it is not calculated to lead to the discovery of admissible evidence.

The information sought pertains to a class of individuals within the Chicago Fire Department who are considered comparable for the purposes of discovery.  They, like Plaintiff, held the position of Lieutenant and were named as Commander or acting

Commander, and are therefore relevant. These Requests are proper under the scope of FRCP rule 26(b)(1) and should be answered.

Request No. 31:

Request No. 31 seeks all correspondence or communications relating to the allegations of the complaint or EEOC charge. Defendant objects to this request as overly broad in scope and time, unduly burdensome, vague and ambiguous and seeking documents that may be protected by the attorney-client privilege and the attorney-work product doctrine.

Request No. 31 is limited in scope and time, as it relates to a discrete period of time pertaining to the allegations that are in Plaintiff's complaint and EEOC charge, and is therefore not overly burdensome. Defendant should produce documents responsive to this request, despite its objections and should provide a list of documents withheld on the basis of privilege or confidentiality if necessary and as requested in Request No. 35.

Request No. 35:

Plaintiff is entitled to a log of documents withheld on the basis of privilege or confidentiality as requested in Request No. 35. Such a request is not unduly burdensome and within the scope of discovery. The log must be produced as requested.

Finally, Plaintiff reminds Defendant of its duty to supplement its responses. Several of Plaintiff's answers were inconclusive, or were noted that "investigation continues." These answers should be supplemented in the event that additional information is available. Specifically, Defendant's answers to Interrogatory No. 6 and 7, 8 and 10 should be supplemented, where necessary, as should Defendant's response to Requests to Admit 23 and 24.

In an effort to avoid the need for Court involvement in this discovery matter, Plaintiff asks that Defendant review its responses to the Interrogatory and Document Production Requests in light of the information set forth above and provide Plaintiff with its supplemental answers and production responses to the interrogatories and document requests cited herein. I am free to engage in a teleconference pertaining to the above issues to reach an accord on these issues.

Sincerely,

MICHAEL LEE TINAGLIA, LTD.

J. Molly Wretzky
JMW/no