# michael
## Law Offices of TINAGLIA
### Michael Lee Tinaglia Ltd.

9700 W. Higgins Rd • Suite 1015 • Rosemont, IL 60018
p 847.692.0421 • f 847.685.8440 • mltinaglia@tinaglialaw.com

January 24, 2013

Melanie Patrick Neely
Anne K. Preston
Annmarie Dow
Assistants Corporation Counsel
30 N. LaSalle Street Suite 1020
Chicago, Illinois 60602

Via U.S.P.S. and email to:
Annmarie.Dow@cityofchicago.org
Melanie_Patrick.Neely@cityofchicago.org
Anne.Preston@cityofchicago.org

    Re:    Wiley Earls v. Chicago Fire Department, Rule 37 Conference

Dear Counsel,

The purpose of this communication is to memorialize in a summary manner the matters discussed during the parties' recent Rule 37 conference. Specifically, the matters raised by Plaintiff regarding Defendant's Answers and Objections to Plaintiff's written discovery requests and the matters raised by Defendant regarding Plaintiffs' Answers and Objections to Defendant's written discovery requests.

It is clear that for a multitude of reasons an extension of the fact discovery cut-off date is in order. It is our understanding that while Defendant will not agree to a joint motion to extend the fact discovery cut-off, it will not oppose such a motion.

**Defendant's Answers and Objections to Plaintiffs Written Discovery Requests**

Interrogatory No. 2 - With regard to Plaintiff's Interrogatory No. 2, which requests that Defendant identify individuals with knowledge or information relating to the factual allegations in Plaintiff's Complaint or any of Defendant's defenses thereto, Defendant will supplement its response before February 1, 2013.

Interrogatory No. 3 – With regard to Plaintiff's Interrogatory No. 3, Defendant will search its records for information and documents responsive to that interrogatory.

Within the previous answer of Defendant to this interrogatory, Defendant referenced a document produced by Defendant and bates stamped 00847. It is Plaintiff's understanding that Defendant will answer Interrogatory No. 3 more fully with regard to sub-parts d and e, with the understanding that "steps" as set forth in sub-part d is intended to mean "actions," and "Chicago Fire Department" referenced therein has the meaning set forth in Plaintiff's Instructions at Number 8.

As you know, under the federal rules, a party can refer to documents in response to an interrogatory, however each interrogatory must, to the extent it is not objected to, be answered separately and fully. Documents cited by Defendant as responsive to Interrogatory No. 3 do not fully answer all subparts of the interrogatory, and in fact indicate that there are additional documents ostensibly in the possession and control of Defendant related to the information requested in Interrogatory No. 3. Specifically, the document bates stamped 00847 identifies emails received by Derrick Jackson, Leslie Noy, Charles Stewart, Jean Roberts and Richard Edgeworth relating to Plaintiff's requests to be paid at the same rate as other CFD employees with out of rank appointment as Acting Commander and/or Commander. We request that Defendant search for and produce the referenced emails and any other documents referenced in document 00847 or documents otherwise responsive to Interrogatory No 3 which are in Defendant's possession. Please produce the foregoing documents without delay. If such documents are no longer in Defendant's possession or control so advise and explain what happened to these documents.

The information sought with respect to the answer to Interrogatory No. 3 corresponds to the information sought with respect to Request for Production 9 and 10. Defendant is requested to revise and supplement it responses and production to production request numbers 9 and 10.

Interrogatory No. 4 – Notwithstanding the fact that the protective order was entered over a month ago Defendant as of the Rule 37 conference had not produced the withheld documents. It is Plaintiff's understanding that Defendant will produce documents responsive to Interrogatory No. 4 withheld until the entry of the protective order. With respect to the foregoing, Plaintiff requests that to the extent said documents do not fully answer all of Interrogatory No. 4 and its sub-parts, Defendant supplement its written response as well.

The information sought with respect to the answer to Interrogatory No. 4 corresponds to the information sought with respect to Request for Production 10. Defendant is requested to revise and supplement it responses and production to production request number 10 now that the protective order is in place.

**Unresolved Scope of Discovery Issues.**

It is clear from our discussions that a dispute exists with regard to the scope of discoverable information related to employees who may be similarly situated to Because Plaintiff was demoted from Commander, Plaintiff's position is that the scope

of discovery should include all individuals who held Commander positions as out of rank appointments. Defendant's position is the scope of discovery should be limited to lieutenants who held Commander positions out of service rank. Defendant's position is inconsistent with broad scope of discovery allowed under the Federal Rules.

The bottom line is that Defendant maintains its objections to Interrogatories 5 and 11 but will produce information and documents limited to lieutenants in Commander positions. Plaintiff's position is that such a limitation runs afoul of the scope of discovery allowed by the federal rules.

**Defendant's Responses to Plaintiff's Request for Production.**

Discipline - With regard to the production requests, it is Plaintiff's understanding that Defendant will search its files and supplement its production for further documents related to any and all discipline issued to Plaintiff.

Requests 8, 20, 7, 14-19 and 26-27 - Although Defendant has agreed to produce documents responsive to Request No. 8 and 20, Defendant stands by its objections to Request Nos. 7, 14, 15, 16, 17, 18, 19, 26 and 27. Plaintiff has agreed to withdraw Request No. 14, but stands by the remaining requests cited above, and intends to file a motion to compel with regard to these requests and the others discussed herein.

Request No. 23 - With regard to Request No. 23, Defendant has agreed to supplement its answer to definitively state whether or not it is in possession of documents responsive to the request seeking copies of documents constituting, referring to or relating to any performance evaluations of Plaintiff. It is clear that pursuant to the Personnel Rules provided to Plaintiff by Defendant, Rule XIV, (as contained in the 2003, 2007, 2009 and 2010 versions of the Personnel Rules), dictates that "the performance of all employees shall be evaluated periodically," (Section 1) and "the evaluation of the performance of individual employees shall be maintained as a part of the employee's personnel record." (Section 3). As Plaintiff has been an employed by Defendant in excess of 20 years, it is highly unlikely that no such documents exist. Further, to the extent Defendant represents that it has produced a complete copy of Plaintiff's Personnel Record, it is clear that the foregoing is not correct. Therefore, Plaintiff reasserts its request that Defendant disclose the requested documents without further delay.

Request No. 35 - With regard to request No. 35, it is Plaintiff's understanding that Defendant will provide a log of any documents withheld on the basis of privilege as requested, but that representations have been made to Plaintiff by Defendant that it has not withheld any documents on the basis of privilege.

**Plaintiff's Responses to Defendants Request for Production.**

Finally, the parties discussed Plaintiff's answers to Defendant's Requests for the production of documents. Plaintiff stands on its answers and believes that its responses

are in accordance with the provisions of Rule 34, to the extent Plaintiff has identified and labeled the produced documents to correspond with the categories in the request. Additionally, to be clear, Plaintiff stated that where any response states that "Plaintiff will produce documents responsive to this request," those documents have been produced and identified in the final page attached to Plaintiff's Answers and Objections to Defendants Requests for the Production of Documents. Additionally, Plaintiff has represented to Defendant that she has a small number of supplemental documents which she intends to produce to Defendant within the time frame set by Defendant, January 25, 2013.

If any of the foregoing incorrectly reflects Defendant's understanding of the matters discussed, please let us know.

Sincerely,

MICHAEL LEE TINAGLIA, LTD.

J. Molly Wretzky
JMW/no