# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARMELITA WILEY-EARLS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No. 12 C 113 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiff, Carmelita Wiley-Earls ("Plaintiff"), has brought suit against her employer the City of Chicago (the "City") for discrimination and retaliation under the Equal Pay Act of 1963, 29 U.S.C. § 206(D), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and race and discrimination under the Illinois Human Rights Act. The City has moved for summary judgment on all claims. The Plaintiff has moved for summary judgment in her favor on the Equal Pay claim.

The parties have inundated the Court with filings in support and in opposition of each other's Motions. The Court has been forced to go through six (6) separate briefs on the Motions and several additional briefs on subsidiary Motions. The worst, however, is the way the parties have turned the usefulness of the Local Rule 56.1 on its head. The purpose of the rule is to make it easier for the Court to determine whether there is, in fact,

a legitimate issue of fact that needs to be decided by a jury. Local Rule 56.1 says that "a statement of material facts" shall "consist of short numbered paragraphs" and a party's response shall be "concise." If additional facts are necessary, they shall be set forth in "a statement, consisting of short numbered paragraphs." Both parties have egregiously violated the terms of Local Rule 56.1. The Court is sorely tempted to say "a pox on both your houses" and deny both Motions. The Court is not doing this because despite the obfuscation on both parties' part the issue is simple and it has been relatively easy for the Court to wade through the extreme prolixity.

Although Plaintiff makes a number of claims against the City, her main complaint is that she was underpaid when she served a stint as Commander of Academy Operations. A member's career service title and rank determines base salary and the City's pension contribution. A change in career service title can only come about through the promotional testing process. The actual salary, *i.e.,* what the member's pay check discloses, is based on the "class grade*,"* *e.g.,* Lieutenant-EMT, "steps" which is where seniority comes into play, and a laundry list of additional pay entitlements such as continuing education pay, duty availability pay, overtime, and "incentive pay." All of these pay items are determined from a salary schedule set forth in the Collective Bargaining Agreement between the City of

Chicago and the Chicago Fire Fighters Union, Local No. 2, International Association of Fire Fighters, AFL-CIO (the "CBA").

"Incentive pay" is additional pay that a member can receive if the member is appointed by the Fire Commissioner to a "non-career service position." A member can be appointed to such a position when there is a need to fill a position that is pegged to a specific class and there is no member from the correct class available to take the position. In such circumstances, the Commissioner has the power to appoint a member of a lower class who he determines has the requisite ability to fill the position. Because the class of the appointed member has not changed, the rate of pay is still determined under the CBA schedule based on the member's lower class. Because the member who has been appointed to a non-career service position is performing at a higher level, the member receives "incentive pay," in addition to the regular salary, so that the member is paid as if the member was a member of higher class. However, the entitlement to the incentive pay is temporary and is only paid so long as the member occupies the higher class position. This is all part of the collective bargaining agreement.

The Plaintiff at all relevant times held the rank of Lieutenant-EMT and received a class rating as F4B. In January 2006, Plaintiff was appointed to the position of Acting Commander of Academy Operations by the Fire Commissioner. In July 2006 she

was appointed to the position of Commander of Academy Operations. Since she did not hold the position of Captain, she was paid at the F4B rate plus incentive pay, which in her case amounted to approximately an additional $21,000 to $22,000 on an annual basis.

On November 15, 2011, Plaintiff submitted a written and signed request to Peter Van Dorpe ("Van Dorpe"), District Chief of Training, to be reassigned from the position of Commander of Academy Operations back to the First District in a document known as "Form 2A. As a result on December 1, 2011, The Fire Commissioner Robert Hoff ("Hoff") reassigned Plaintiff to District One Relief Operations. Plaintiff does not deny that she executed the Form 2A and does not deny that she submitted it to Van Dorpe. She does contend that she was marked for demotion by Van Dorpe which was the reason she submitted the Form 2A.

## II. DISCUSSION

Plaintiff contends that she was paid less than certain male, Caucasian members who also occupied the position of Commander of Academy Operations. The City argues that whatever the members, including Plaintiff, were paid depends on the Collective Bargain Agreement between the City and the Fire Fighters Union. The City further points out that all of Plaintiff's wage claims, based on the Equal Pay Act and Title VII, come with an affirmative defense that holds that if pay differential is based on factors other

than sex, such as a seniority system or a collective bargaining agreement then an employer is entitled to a statutory affirmative defense. *Kent v. City of Chicago,* 814 F.Supp.2d 808, 819 (N.D.Ill. 2011). Plaintiff at first contends that the City has waived this defense because it did not initially plead the CBA as an affirmative defense. However, the Court allowed the City to amend its Answer to allege this affirmative defense.

Thus, the issue in the case is simple: if there are discrepancies between Plaintiff's pay and those of her alleged "comparators" are the differences based on the Schedules in the CBA? Are any differences not commanded by the CBA based on either mistake or deliberate intent to pay Plaintiff less? The Court has attempted to wade through all of the filings of the Plaintiff and has failed to find any actual discrepancies other than what appears to be a direct result of provisions contained in the CBA. Plaintiff, when asked where she learned that she was not being paid the same as two of her comparators, Richard Ford and Jose Santiago, testified that she could not recall how she heard about the discrepancies but it must have been from conversation. This is, of course, hearsay but does not answer the question of the cause of any such discrepancy, if it existed at all. It seems to the Court that all the Plaintiff needed to do was, in either her Statement of Material Facts or her Statement of Additional Facts, set forth the pay rates of herself

and her comparators, and look to the CBA to see of they came from that document or somewhere else.  She has failed to do this which sinks her case insofar as it is based on unequal pay.  *Kent, id.; Lindale v. Tokheim Corp.,* 145 F.3d 953, 957 (7th Cir. 1998).

Plaintiff's additional claim is based on her reassignment in December 2011.  She claims that the reassignment was engineered by Van Dorpe based in retaliation for Plaintiff having filed a charge of discrimination against the City.  She furnished in support of this claim, the affidavit of a fellow fireman, Jimmy Johnson, in which he contends that Van Dorpe was aware of the EEOC claim based on a statement he made to Johnson to the effect that she didn't have a "snowball's chance of winning."  The City has moved to strike the affidavit based on hearsay.  The Motion is denied as moot because Van Dorpe did not make the reassignment.

The actual reassignment was made by the Fire Commissioner Robert Hoff.  It was his decision whether to appoint or remove a member from a non-career service position.  He states that he authorized the reassignment of Plaintiff because she had executed a Form 2 requesting a reassignment and not for any disciplinary or punitive reason.  He further swore that he was not aware that she had filed a charge with the EEOC.  Plaintiff has moved to strike this affidavit.  The basis for the Motion is her claim that the affidavit contained hearsay and legal conclusions.  The

hearsay is alleged to be that Hoff was told that Plaintiff filed a Form 2. This is not hearsay as it explains why he reassigned Plaintiff. He reassigned her because he was told that she filed such a request so the alleged statement was not admitted for the truth, but to explain his action. The second reason asserted for the Motion to Strike is that the affidavit contains alleged legal conclusions. The so-called legal conclusions are that he did not reassign her based on her race, gender, or other discriminatory reason. Denials are not necessarily legal conclusions, but even if they were, it is Plaintiff's obligation to prove a discriminatory reason for Commissioner Hoff's action which she has not done. The Motion to Strike is denied. Finally, Hoff stated that he was unaware of the EEOC claim, which is a factual statement and not a conclusion. Plaintiff did not make any effort to counter this statement in her submissions, relying only on her Motion.

The record thus shows that Plaintiff for reasons of her own voluntarily filed a Form 2A requesting reassignment. This request was presented to the Commissioner. He acted on the request by granting it. Plaintiff has not denied that she prepared and filed the Form, nor has she contended that anyone forced her to file the form. Thus, she has not produced any evidence that her reassignment was based on any impermissible

reason or in retaliation for any protected action she had previously taken.

### III. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Defendant's Motions for Summary Judgment of the Defendant are granted. Counts 1 through 5 of Plaintiff's Complaint are dismissed with prejudice;

2. Plaintiff's Motion for Summary Judgment on Count 3 is denied;

3. Defendant's Motion to Strike the Declaration of Jimmy Johnson is denied as moot; and

4. Plaintiff's Motion to Strike the Declaration of Robert Hoff is denied.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

Date:9/25/2014